IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**JACQUELYN ESRY, Individually and on Behalf of all Others Similarly Situated**     **PLAINTIFF**

vs.     No. 4:18-cv-155-DPM

**OTB ACQUISITION, LLC, d/b/a ON THE BORDER**     **DEFENDANT**

## SUPPLEMENTAL DECLARATION OF ASHLEY FOSTER

I, Ashley Foster, do hereby swear, affirm and attest as follows, based upon my personal knowledge of the matters contained herein:

1. My name is Ashley Foster, and I am over the age of eighteen (18) and duly qualified to execute this declaration.

2. I am currently a resident and domiciliary of the State of Arkansas.

3. I was employed by Defendant OTB Acquisition, LLC, d/b/a On the Border (hereinafter "Defendant"), to work as a server within three (3) years just before joining this lawsuit.

4. Specifically, I was employed as a server for Defendant from 2014 to 2017 at Defendant's restaurants located at 6000 Warden Rd in Sherwood; 1150 S Amity in Conway; and 11721 Chenal Parkway in Little Rock.

5. I am joining this lawsuit because I am paid in the same manner as the other plaintiffs in this lawsuit.

6. As a server for Defendant, my job duties included taking customer orders, bringing food and drinks to customers' tables, and otherwise meeting the dining needs of Defendant's customers.

7. These are all tasks for which I customarily received a tip from the customers.

8. In addition to my server duties, I had non-server job duties that included work that was unrelated to serving customers for which I did not receive tips from customers, including cleaning, tidying, prep, answering phones and training new employees, among other tasks. We had extensive side-work that we were all required to do, including sweeping and mopping, rolling napkins/silverware, etc.

9. We were required to work pre-shift in the mornings from 10:00 or 10:30 to 11:00 at $2.63 per hour but there were no tipping customers in the restaurant because the restaurant didn't open until 11 AM. And post-shift work which they called "closing duties" were also paid at $2.63 per hour. Closing duties including lots of cleaning and putting food away, among other tasks.

10. The duties described above were the same job duties performed by all of the other servers. I know this because I observed other servers performing their job duties and because Defendant instructed its servers that these were a server's job duties.

11. As a server, I was always and only paid an hourly rate of $2.63. I was informed by Defendant that this was the hourly rate paid to all servers employed by Defendant.

12. Defendant paid me $2.63 per hour regardless of the type of work I performed. This was the same for all wait staff.

13. I and the other servers spent more than 20% of our time on tasks that were not related to serving customers.

14. Tasks that are not related to serving customers include, but are not limited to, opening the restaurant and rolling silverware.

15. When the dining room was closed, Defendant paid me $2.63 per hour as well as when I did side work not in the dining room and when I did cut work.

16. I, along with all other servers, depended primarily upon payment of tips by customers to earn an hourly rate of minimum wage or more.

17. At the time I was employed with Defendant, there were twenty or more other servers working there. Given the turnover rates I observed at Defendant's restaurant, I estimate that there are at least forty other class members in this case.

18. Based on my experience and conversations with other servers for Defendant, I believe that at least some other servers would be interested in participating in this lawsuit.

19. The supervisors used server cell phones for communication with all or almost all of us servers on a regular basis.

20. I don't recall working with any server who did not carry a smartphone (like an iPhone or Samsung or something like that).

21. The General Manager also had my email address.

**PURSUANT TO 28 U.S.C. § 1746, I VERIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.**

Executed on this 6th day of July, 2018.

Signature:     **ASHLEY FOSTER**

## CERTIFICATE OF SERVICE

I, Josh Sanford, do hereby certify that on date imprinted by the CM/ECF system, a true and correct copy of the foregoing SUPPLEMENTAL DECLARATION was filed via the CM/ECF system and that the attorneys named below have consented to the electronic distribution of pleadings by the CM/ECF system:

William Stuart Jackson, Esq.
WRIGHT, LINDSEY & JENNINGS, LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
Telephone: 501- 371-0808
Facsimile: 501-376-9442
wjackson@wlj.com

Mitchell L. Fraley, Esq.
SHANKMAN LEONE, P.A.
707 North Franklin Street
Tampa, Florida 33602
Telephone: 813-223-1099
Facsimile: 813-223-1055
mfraley@shankmanleone.com

/s/ Josh Sanford
**Josh Sanford**