# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

JACQUELINE ESRY and ASHLEY FOSTER,
Individually and on Behalf of all Others
Similarly Situated                                                    PLAINTIFFS

v.                          No. 4:18-cv-155-DPM

OTB ACQUISITION LLC,
d/b/a On the Border                                                   DEFENDANT

## ORDER

**1. Background.** Esry moves for conditional certification of a collective action under the Fair Labor Standards Act, for disclosure of contact information for potential opt-in plaintiffs, and for approval of related notices.* She alleges that her former employer, a franchisor of a restaurant called On the Border, didn't pay its tipped servers minimum wage for non-tipped work. On the Border denies this. It says certification is improper because the facts vary too much from server to server, for each restaurant manager can organize things a bit differently, and, therefore, Esry isn't similarly situated to potential group members.

---

*A couple months after Esry moved for conditional certification, Ashley Foster joined this case as a named plaintiff. № 19. The Court instructs the Clerk to update the docket. Because it doesn't affect the Court's decision, and to be consistent with the docket, the Court will refer to the motion as Esry's motion.

**2. Certification.** Esry has made the modest factual showing that an affected group exists here. *In re Pilgrim's Pride Fair Labor Standards Act Litigation*, 2008 WL 4877239, at *3 (W.D. Ark. 13 March 2008). It's not, however, the all-encompassing group that Esry proposes: "[a]ll servers who were tipped employees for Defendant at any time within the past three years." № 1 *at 11*. Esry worked in On the Border's West Little Rock location; Ashley Foster, the other named plaintiff, worked in that location and two others in Arkansas. № 11-7 *at 1 &* № 20 *at 1*. But there are more than 160 On the Borders nationwide. And each location has a general manager who independently decides how to divide work amongst different types of employees. Maybe the managers at the other locations followed the same policies as the managers where Esry and Foster worked; maybe not. All material things considered, the Court is unconvinced that a nationwide, or even multi-state, problem is presented. The Court therefore conditionally certifies this group:

> All servers who, at any time within the past three years, were tipped employees of Defendant at any of these three Arkansas locations: 11721 Chenal Parkway in Little Rock; 6000 Warden Road in Sherwood; or 1150 S. Amity Road in Conway.

**3. Notices.** The Court approves the proposed notice and consent forms, with some tweaks. Update the group definition to reflect the group conditionally certified in this Order. And please

-2-

replace "class" with "group" to avoid confusion with Fed. R. Civ. P. 23 issues. Notice via mail, e-mail, and text message is fine. There's no need for follow-up postcards or notices posted in the restaurants. The Court is confident that, if folks want to join the lawsuit, they'll know how. The Defendant must give Esry's counsel (in electronic spreadsheet format) a list of possible group members by 24 August 2018. The list should include each person's name and, if known, home address and telephone number. Plaintiffs must not initiate contact with prospective group members by telephone except in the approved texts. The opt-in period will close 22 November 2018.

\* \* \*

Motion for conditional certification, № 11, granted as modified. So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

10 August 2018