IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JACQUELINE ESRY and ASHLEY FOSTER,
Individually and on Behalf of all Others
Similarly Situated                                                    PLAINTIFFS

v.                            No. 4:18-cv-155-DPM

OTB ACQUISITION LLC,
d/b/a On the Border                                                    DEFENDANT

## ORDER

The Court conditionally certified a group of tipped workers, and about one hundred and twenty plaintiffs opted in. On the Border then moved for judgment on the pleadings and for decertification. The Court denied that motion without prejudice, and stayed the case in anticipation of the Department of Labor's revised handbook and the Supreme Court's decision in *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019). Both are now available. And the parties have briefed their effect. Esry and Foster, on behalf of the group, seek to amend their complaint, in light of the Department's new interpretation of the Dual Jobs regulation. On the Border opposes the amendment and renews its motion for judgment and decertification, relying on the new interpretation. The Court regrets that other business has delayed its consideration of these issues. The stay is lifted.

On the Border's motion is denied because the Court declines to apply the Department's new interpretation. Instead, the Court will apply the substance of the 80/20 Rule. The Dual Jobs regulation sets an upper limit on how much time an employee can spend on related, untipped duties while remaining a tipped employee for all hours worked. *Fast v. Applebee's International*, 638 F.3d 872, 879 (8th Cir. 2011). The regulation is ambiguous, though, about where to set that limit; and the 80/20 Rule was a reasonable resolution of that ambiguity. *Fast*, 638 F.3d at 880–81. Under the Department's new interpretation, however, there's no more upper limit at all. The Court therefore agrees with Judge Holmes's pre-*Kisor* opinion in *Esry v. P.F. Chang's China Bistro, Inc.*, 373 F. Supp. 3d 1205 (E.D. Ark. 2019): the new interpretation is inconsistent with the Dual Jobs regulation and *Fast*, and it therefore doesn't merit either *Auer* or *Skidmore* deference. *Auer v. Robbins*, 519 U.S. 452 (1997); *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944).

*Kisor* doesn't change that conclusion. *Kisor* affirmed but narrowed *Auer* deference, making it harder for an agency to earn it. 139 S. Ct. at 2414–18. (The Court of Appeals recently suggested in *dictum* that *Kisor* "substantially restricted, if not all but overruled" *Auer* deference. *Coates v. Dassault Falcon Jet Corp.*, 2020 WL 3067512, at *3 n.4 (8th Cir. 10 June 2020).) Given that the Department's new interpretation didn't merit the broader version of *Auer* deference that existed before *Kisor*, it doesn't merit deference after *Kisor*. The 80/20

Rule is no longer binding, but it remains a reasonable interpretation of the Dual Jobs regulation. *Fast*, 638 F.3d at 880-81; *see also Berger v. Perry's Steakhouse of Illinois*, LLC, 430 F. Supp. 3d 397, 411-12 (N.D. Ill. 2019). The Court will therefore apply the Rule's substance.

The Court also denies without prejudice the plaintiffs' motion to amend because the proposed amended complaint was partly designed to conform to the Department's new interpretation. The amendment also would have removed the state claims. Plaintiffs may have until 30 June 2020 to file any renewed motion to amend that responds to this Order.

Finally, the Court notes the Department's proposed regulation, which would, in part, adopt the new interpretation. *Doc. 73*; *Tip Regulations Under the Fair Labor Standards Act (FLSA)*, 84 Fed. Reg. 53956 (8 October 2019). The parties must inform the Court promptly if the proposal is finalized. Until it is, though, the proposal doesn't affect this case.

* * *

Stay lifted. Motion to amend, *Doc. 69*, denied without prejudice. Any renewed motion to amend due by 30 June 2020. On the Border's embedded, renewed motion for judgment and decertification, *Doc. 70*, denied. An Amended Final Scheduling Order will issue after the Court addresses any new proposed amended complaint. Prompt notice required about any development regarding the proposed regulation.

- 4 -

So Ordered.

*/s/ DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

17 June 2020