IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| **JACQUELINE ESRY, Individually and on Behalf of All Others Similarly Situated** | **PLAINTIFFS** |
| vs. | No. 4:18-cv-155-DPM |
| **OTB ACQUISITION, LLC, d/b/a ON THE BORDER** | **DEFENDANTS** |

### JOINT MOTION FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT

Plaintiffs Jacqueline Esry ("Esry") and Ashley Foster, each individually and on behalf of all others similarly situated, by and through their attorneys April Rhéaume and Josh Sanford of Sanford Law Firm, PLLC, and Defendant OTB Acquisition, d/b/a On The Border, by and through its attorneys David S. Shankman and Kendra D. Presswood of Shankman Leone P.A., have reached a settlement in the above-captioned case. The Parties now respectfully request that the Court approve their settlement of this Fair Labor Standards Act ("FLSA") collective action seeking alleged unpaid wages and dismiss this case with prejudice.

### BACKGROUND AND FACTUAL HISTORY

Plaintiff Jacqueline Esry filed this action on 23 February 2018, pursuant to the FLSA, 29 U.S.C. § 201, *et seq.* and Arkansas Minimum Wage Act (AMWA), Ark. Code Ann. § 11-4-201, *et seq*. *See* ECF No. 1. She worked as a server at an On the Border restaurant operated by Defendant. Esry asserted that she and similarly situated servers worked as tipped workers for Defendant and spent more than 20% of their time performing

Page 1 of 10
Jacqueline Esry v. OTB Acquisition, LLC, d/b/a On The Border
U.S.D.C. (E.D. Ark.) No. 4:18-cv-155-DPM
Joint Motion for Approval of FLSA Collective Action Settlement

non-tipped duties. *Id.* Accordingly, Defendant failed to pay them their lawful minimum wages for their non-tipped work. *Id.* Defendant asserted that Plaintiffs were properly compensated for all hours worked. *See* ECF No. 8.

On 10 May 2018, Esry moved to conditionally certify the following class for the purpose of providing notice of the action to all members:

> **All persons who Defendant paid as tipped employees at any time since February 23, 2015.**

On 10 August 2018, this Court granted the conditional certification of the following collective class:

> **All servers who, at any time within the past three years, were tipped employees of Defendant at any of these three Arkansas locations: 11721 Chenal Parkway in Little Rock; 6000 Warden Road in Sherwood; or 1150 S. Amity Road in Conway.**

This Court also approved the Notice and Consent forms to be used. *See* ECF No. 11. Following the mailing of the Notice and Consent forms, approximately 121 putative collective members ("Opt-In Plaintiffs") submitted consents to join this lawsuit. Ashley Foster was also added as a Named Plaintiff. Jacqueline Esry, Ashley Foster, and the Opt-In Plaintiffs are collectively referred to as "Plaintiffs."

During the course of this litigation, the Parties engaged in fact investigation and discovery, providing information and data related to the claims and defenses. Utilizing data provided by Defendant and information provided during the Parties' respective fact investigations, the Parties developed their own, respective assessments of potential damages in the case. The Parties then engaged in arms-length negotiations during mediation that occurred on 3 November 2020 with mediator Chris Gomlicker. Through

Page 2 of 10
Jacqueline Esry v. OTB Acquisition, LLC, d/b/a On The Border
U.S.D.C. (E.D. Ark.) No. 4:18-cv-155-DPM
Joint Motion for Approval of FLSA Collective Action Settlement

these efforts, the Parties reached an agreement to resolve the pending Action, which is set forth in the Settlement Agreement, attached as Exhibit A to this motion.

Defendant denies the claims asserted in the Action and makes no admission whatsoever of liability or violation of the FLSA or the AMWA. Moreover, Defendant maintains that an Opinion Letter recently published by the Department of Labor forecloses the avenue of relief sought by Plaintiffs. Defendant nevertheless desires to settle the Action on the terms set forth in the Settlement Agreement for the purpose of avoiding the burden, expense, and uncertainty of continuing litigation, and for the purpose of putting to rest the controversies engendered by the Action.

## TERMS OF THE PROPOSED SETTLEMENT

1.   <u>Settlement Amounts and Allocation</u>

Under the terms of the Settlement Agreement, Defendant will pay a total gross settlement amount of Seventy-Five Thousand One Hundred and Thirty-Two Dollars and 46/100 ($75,132.46) payable to the Plaintiffs and for costs associated with the litigation ("Settlement Fund").

The Settlement Agreement provides for Jacqueline Esry and Ashley Foster to receive $750 for signing a general release. The remainder of the Settlement Fund is to be allocated as set forth in the chart attached as Exhibit A to the Settlement Agreement. The allocation amounts were determined by Plaintiff's Counsel using records provided by Defendant and taking into account each Plaintiff's total number of hours worked during the statutory period and the applicable minimum wage during the time in question. Some individuals who opted into the lawsuit performed no tipped work during the relevant time period, and are therefore, not receiving any of the Settlement Fund—those individuals

Page 3 of 10
Jacqueline Esry v. OTB Acquisition, LLC, d/b/a On The Border
U.S.D.C. (E.D. Ark.) No. 4:18-cv-155-DPM
Joint Motion for Approval of FLSA Collective Action Settlement

have contemporaneously filed withdrawals of their consents to join. For settlement purposes only, Defendant consents to final certification of the conditionally certified collective action here, but does not waive any arguments it may have that decertification is appropriate if this settlement is not approved by the Court.

    2.    <u>Releases of Claims</u>

In exchange for the settlement payments to be made under the Settlement Agreement, Plaintiffs have agreed to dismiss the Action with prejudice. Plaintiffs and Defendant agree that upon approval the Opt-in Plaintiffs' wage-and-hour claims under the FLSA and AMWA will be settled and released. Esry and Foster are signing general releases in exchange for additional monies.

**MEMORANDUM OF LAW**

**A.**    **The Proposed Settlement Fairly and Equitably Resolves the Parties' Claims and Defenses.**

    1.    <u>Standard for Approval of Settlement of FLSA Collective Actions</u>

This Circuit has not yet decided whether settlements under the FLSA require judicial approval. *See Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1026-27 (8th Cir. 2019) (noting split in circuit authority and declining to decide issue). In reviewing a settlement of a private FLSA claim, the court scrutinizes the proposed settlement for fairness and determines whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350, at 1355 (11th Cir. 1982); *see also Sims v. Goodwill Industries of Arkansas, Inc.*, 2019 WL 5957177, *2 (E.D. Ark. Nov. 12, 2019); *Ferguson v. Arkansas Support Network, Inc.*, 2018 WL 6517453, *2 (W.D. Ark. Dec. 11, 2018). When it appears that a settlement "reflect[s] a reasonable compromise over issues, such as FLSA coverage or

Page 4 of 10
Jacqueline Esry v. OTB Acquisition, LLC, d/b/a On The Border
U.S.D.C. (E.D. Ark.) No. 4:18-cv-155-DPM
Joint Motion for Approval of FLSA Collective Action Settlement

computation of back wages[] that are actually in dispute," the Court should "approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food*, 679 F.2d at 1354. Additionally, a court presiding over an FLSA suit "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

    2.    <u>A Bona Fide Dispute Exists.</u>

In reviewing the settlement of a plaintiff's FLSA claims, the district court must "ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime." *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 09-1608, 2010 WL 2490989 (N.D. Ohio June 15, 2010). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id*; *accord Ochs v. Modern Design, Inc.*, No. 14-635, 2014 WL 4983674, at *2 (N.D. Ohio Oct. 6, 2014).

A bona fide dispute exists in this case. Plaintiffs claim that, although they were characterized and paid by Defendant as tipped employees, they performed enough non-tipped work to be entitled to the minimum wage under the FLSA and AMWA. Defendant denies these claims and points to recent proposed regulations from the Department of Labor which Defendant believes indicates that Defendant was entitled to a tip credit for all hours Plaintiffs worked so that Plaintiffs were properly paid.

Although the Parties continue to firmly believe in the merits of their respective claims and defenses, given the time and expense associated with further litigation and discovery and the uncertainty of dispositive motion practice, decertification, and trial, the

Page 5 of 10
Jacqueline Esry v. OTB Acquisition, LLC, d/b/a On The Border
U.S.D.C. (E.D. Ark.) No. 4:18-cv-155-DPM
Joint Motion for Approval of FLSA Collective Action Settlement

Parties have agreed that a compromise is appropriate at this stage of the litigation. They desire to resolve this case by way of a negotiated settlement payment by Defendant in exchange for releases of claims by Plaintiffs and dismissal of this case with prejudice in order to avoid the time and expense inherent in continued litigation. *See Lynn's Food*, 679 F.2d at 1354 ("Thus, when the parties [to the litigation] submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.").

    3.    <u>The Settlement Is Fair and Reasonable.</u>

In addition to resolving a bona fide dispute between the Parties, the settlement achieved is fair and reasonable and should be approved for several reasons. *See Stainbrook v. Minnesota Dept. of Pub. Safety*, 239 F. Supp. 3d 1123, 1126 (D. Minn. 2017) (identifying factors to be considered in assessing whether an FLSA settlement is fair and reasonable).

First, the proposed settlement arises out of an action for alleged minimum wage violations brought by Plaintiffs against their employer and the range of possible recovery was uncertain. Both sides had legal arguments which each believed to be dispositive as to Plaintiffs' entitlement to FLSA and AMWA protections. The Parties believe the compromise set forth in the Settlement Agreement is reasonable under the circumstances and in light of the benefits and risks of litigating this matter. Plaintiffs and Plaintiffs' Counsel believe this is a fair recovery considering that Defendant had arguments for why the Plaintiffs should get no recovery at all as well as a chance of having the collective decertified.

Page 6 of 10
Jacqueline Esry v. OTB Acquisition, LLC, d/b/a On The Border
U.S.D.C. (E.D. Ark.) No. 4:18-cv-155-DPM
Joint Motion for Approval of FLSA Collective Action Settlement

One important contested issue in this case was that of the amount of non-tipped work the Plaintiffs performed during their employment, as this would determine in large part the amount of minimum wages owed. It was Plaintiffs' position that approximately 40% of their time was spent performing non-tipped work. Defendant's position was that, to the extent that Plaintiffs were owed any minimum wages at all, no more than 20% of their time was spent performing non-tipped work. Under the Parties' Settlement Agreement, Plaintiffs stand to receive slightly less than the amount they would have recovered if they had been successful at trial proving they spent 30% of their time performing non-tipped work, and were entitled to minimum wages for the time.

Second, throughout the lawsuit Plaintiffs were represented by counsel who are experienced in handling wage and hour collective actions. Thus, the interests of Plaintiffs have been adequately represented. Further, Plaintiffs' Counsel have the experience to assess the risks of continued litigation and benefits of settlement and have done so in this action. Plaintiff's Counsel also have a longstanding practice representing employees with claims against employers similar to the claims asserted in this case. Counsel for both parties recommend judicial approval. Courts routinely give those recommendations weight. *See Lynn's Food*, 679 F.2d at 1354 (recognizing that courts rely on the adversarial nature of a litigated FLSA case resulting in settlement as an indication of fairness).

Third, the proceedings have advanced through initial pleadings, fact investigation, formal and informal discovery, and mediation with an experienced mediator. This permitted the Parties and their experienced counsel to: (i) collect, obtain, and review evidence; (ii) review and assess available data and other information; (iii) evaluate their claims and defenses; (iv) understand the scope of potential damages; and (v) engage in

Page 7 of 10
Jacqueline Esry v. OTB Acquisition, LLC, d/b/a On The Border
U.S.D.C. (E.D. Ark.) No. 4:18-cv-155-DPM
Joint Motion for Approval of FLSA Collective Action Settlement

negotiations with the mutual understanding that continuing with formal discovery and dispositive motion practice would be a difficult, costly, and uncertain undertaking.

Fourth, under the Settlement Agreement, employees who did not opt in as Plaintiffs to this Action will not waive any rights (including their FLSA claims) for hours worked. Thus, there is no concern that the rights of employees who do not participate in the settlement will be affected. *See McKenna v. Champion Int'l Corp.*, 747 F.2d 1211, 1213 (8th Cir. 1984), abrogated on other grounds by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989). Under these circumstances, the settlement is fair, reasonable, and adequate for Plaintiffs, and the Court should approve it.

**B.    The Attorneys' Fees to be Paid to Plaintiffs' Counsel Were Negotiated Separately and Therefore Do Not Require Court Approval.**

The Parties negotiated the attorneys' fees to be paid to Plaintiffs' Counsel independently from the agreement to the Settlement Fund amounts payable to Plaintiffs for their damages claims. Further, Plaintiffs' Counsel is not seeking a contingency on the payments to be sent to each Plaintiff. As a result, the agreed upon fees do not affect or diminish the amount payable to Plaintiffs from the Settlement Fund.  Accordingly, the Parties do not believe the Court is required to review or evaluate the propriety of that component of the Parties' settlement. *See Barbee v. Big River Steel, LLC*, 927 F. 3d 1024, 1027 (8th Cir. 2019) ("When the parties negotiate the reasonable fee amount separately and without regard to the plaintiff's FLSA claim, the amount the employer pays to the employees' counsel has no bearing on whether the employer has adequately paid its employees in a settlement. Thus, regardless of whether we read the statute as requiring approval for FLSA settlements, we do not read it as requiring approval of settled attorney fees." (citations omitted)).

Page 8 of 10
Jacqueline Esry v. OTB Acquisition, LLC, d/b/a On The Border
U.S.D.C. (E.D. Ark.) No. 4:18-cv-155-DPM
Joint Motion for Approval of FLSA Collective Action Settlement

## CONCLUSION

This FLSA collective action settlement is a product of arm's-length negotiation between the Parties and their counsel, which resolves a bona fide dispute over allegedly owed overtime wages. As such, the settlement is fair and reasonable and provides Plaintiffs with significant monetary relief. Accordingly, the Parties jointly and respectfully request that this Court approve the Parties' settlement agreement and the distribution of the Settlement Fund amounts to Plaintiffs in full as described above. Finally, the Parties jointly request that this action be dismissed with prejudice and that the Court retain jurisdiction to enforce the terms of the settlement.

**Page 9 of 10**
**Jacqueline Esry v. OTB Acquisition, LLC, d/b/a On The Border**
**U.S.D.C. (E.D. Ark.) No. 4:18-cv-155-DPM**
**Joint Motion for Approval of FLSA Collective Action Settlement**

Respectfully submitted,

**PLAINTIFF JACQUELINE ESRY, Individually and on Behalf of All Others Similarly Situated**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

April Rhéaume
Ark. Bar No. 2015208
april@sanfordlawfirm.com

and   **OTB ACQUISITION, LLC, d/b/a ON THE BORDER, DEFENDANTS**

SHANKMAN LEONE, P.A.
707 North Franklin Street, 5th Floor
Tampa, Florida 33602
Telephone: (813) 223-1099
Facsimile: (813) 223-1055

*/s/ David S. Shankman*
David S. Shankman, Esq.
FL Bar No. 0940186
dshankman@shankmanleone.com
*pro hac vice*

Kendra D. Presswood, Esq.
FL Bar No. 0935001
kpresswood@shankmanleone.com
*pro hac vice*

**Page 10 of 10**
Jacqueline Esry v. OTB Acquisition, LLC, d/b/a On The Border
U.S.D.C. (E.D. Ark.) No. 4:18-cv-155-DPM
Joint Motion for Approval of FLSA Collective Action Settlement